UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-473-GCM

| AJANAKU MURDOCK, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| KEVIN INGRAM, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court sua sponte.

The pro se incarcerated Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 on May 7, 2024,[1] addressing incidents that allegedly occurred at the Lanesboro Correctional Institution.[2] [Doc. 1]. He names as Defendants: Kevin Ingram, a unit manager; FNU Williams, a disciplinary hearing officer ("DHO"); and John Doe, a sergeant. Construing the Complaint liberally, the Plaintiff appears to assert equal protection and due process claims. Plaintiff alleges that, on or about December 31, 2015, a female officer accused him of grabbing her buttocks. Sergeant Doe investigated the incident and recommended that Plaintiff be charged with an A11 infraction (assault on staff with the intent to commit a sexual act), for which Plaintiff was placed in isolation for six months, and which continues to affect his security status and his ability to participate in certain prison programs. Other similarly situated inmates who committed the same conduct were charged with a B20 infraction, which carries less severe consequences. He claims

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[2] The Plaintiff is presently incarcerated at the North Carolina Central Prison.

that Sergeant Doe recommended the "false" A11 charge; that Defendant Ingram allowed that false charge to be brought against Plaintiff while treating other offenders differently; and that DHO Williams was aware that Plaintiff's rights were being violated and had the authority to bring the "right" charge, but failed to do so. The Plaintiff seeks nominal and punitive damages, and injunctive relief.[3]

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). Section 1983 claims arising in North Carolina are governed by the three-year period for personal injury actions. See N.C. Gen. Stat. § 1-52(16); Nat'l Adv. Co. v. City of Raleigh, 947 F.2d 1158, 1162 n.2 (4th Cir. 1991). The limitations period for a § 1983 claim begins to run when the plaintiff has "a complete and present cause of action"— in other words, when it could have "file[d] suit and obtain[ed] relief." Wallace, 549 U.S. at 388 (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)). Equitable tolling serves as an exception to this limitations period in "'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" Battle v. Ledford, 912 F.3d 708, 718 (4th Cir. 2019) (quoting Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights

---

[3] The Plaintiff previously filed a lawsuit addressing the same disciplinary infraction in this Court, Case No. 3:19-cv-39-MR. In that case, the Complaint passed initial review against DHO Williams, an assistant unit officer, and the Lanesboro CI superintendent, for violating Plaintiff's Fourteenth Amendment due process rights. The action was dismissed without prejudice for lack of service as to the superintendent, and for failure to exhaust the available administrative remedies pursuant to 42 U.S.C. § 1997e(a) as to the remaining defendants. See Murdock v. Williams, 2020 WL 3893626 (W.D.N.C. July 10, 2020). The Fourth Circuit Court of Appeals dismissed Plaintiff's appeal as time-barred on March 30, 2022, Case No. 20-7417.

diligently, and (2) that some extraordinary circumstance stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, 560 U.S. 631, 653 (2010).

The statute of limitations is an affirmative defense that the defendant generally bears the burden of affirmatively pleading. See Fed. R. Civ. P. 8(c)(1). However, the statute of limitations may be addressed sua sponte in an action proceeding in forma pauperis where face of the complaint plainly reveals the existence of such defense. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953-54 (4th Cir. 1995); United States v. Oliver, 878 F.3d 120, 127 (4th Cir. 2017) (noting that "courts should not invoke a statute of limitations sua sponte unless proceeding to the merits would significantly implicate the efficiency and integrity of the judicial process," such as when a plaintiff brings an untimely complaint pursuant to 28 U.S.C. § 1915).

It appears on the face of the Complaint that this action is subject to dismissal as time-barred because it was filed more than three years after the cause of action accrued. The Court will afford the Plaintiff the opportunity to file a memorandum within 30 days of this Order explaining why his § 1983 Complaint was timely filed. See generally Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002) (notice and an opportunity to respond should be granted before considering timeliness sua sponte). Failure to comply with this Order will likely result in the dismissal of this action with prejudice as time-barred without further notice.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have **thirty (30) days** from entry of this Order to file a memorandum explaining why the Complaint was timely filed. If Plaintiff fails to timely comply, this action will likely be dismissed with prejudice as time-barred without further notice.

**IT IS SO ORDERED**.

Signed: June 25, 2024

Graham C. Mullen
United States District Judge

3