UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-473-GCM

| | |
|---|---|
| AJANAKU MURDOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KEVIN INGRAM, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

I. **BACKGROUND**

The pro se Plaintiff filed the instant civil rights action pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Lanesboro Correctional Institution on December 31, 2015, when a female officer accused the Plaintiff of grabbing her buttocks, for which resulted in a disciplinary charge.[1] [Doc. 1].

On January 17, 2019,[2] the Plaintiff filed a prior § 1983 action in this Court addressing the December 31 incident which resulted in a January 21, 2016 disciplinary conviction that was upheld on appeal in "late March or May of 2016," Case No. 3:19-cv-39-MR. [See 3:19-cv-39,

---

[1] The Plaintiff presently resides at the North Carolina Central Prison. He previously resided at the Alexander Correctional Institution from mid- or late-2018, when after Lanesboro was converted into a women's prison (Anson CI), until he was transferred to the Central Prison on April 9, 2024. [See 3:17-cv-274-MR Doc. 24-1 (May 7, 2018 Letter noting Lanesboro's upcoming closure); Doc. 31 (reflecting service on Plaintiff at Alexander CI on October 19, 2018)]; https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (NCDAC website reflecting Plaintiff's transfer to Central Prison on April 9, 2024; last accessed Oct. 2, 2024); Fed. R. Ev. 201.

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

Doc. 1 at 7]. The Complaint passed initial review on due process claims against FNU Williams, a disciplinary hearing officer ("DHO"); FNU Horne, a Lanesboro CI assistant unit manager; and FNU Mitchell, the Lanesboro CI superintendent. This Court dismissed the Complaint without prejudice on July 10, 2020 for Plaintiff's failure to exhaust his administrative remedies.[3] [3:19-cv-39, Doc. 28]. The Fourth Circuit Court of Appeals dismissed the Plaintiff's appeal as time-barred on March 30, 2022.

On May 7, 2024, the Plaintiff filed the Complaint in the instant case. He again names DHO Williams as a Defendant; he also names Kevin Ingram, a Lanesboro unit manager; and John Doe, a Lanesboro sergeant. The Plaintiff now appears to assert due process and equal protection claims. [Doc. 1 at 2-4]. He alleges that Defendant Ingram allowed a "false charge" to be brought against him while allowing another prisoner who committed a similar act to plead guilty to a less serious infraction; Defendant Williams "was aware" that Plaintiff's Fourteenth Amendment rights were being violated and had the authority to "bring the right charge" but failed to do so; and Defendant Doe investigated the December 31 incident and recommended the "false charge." [Id. at 2]. For injury, he alleges:

> As having a disability and mental health problems, I was subjected to atypical hardship punishment, and I've been kept out of educational programs and job opportunities as a result, which has also hindered my rehabilitation.

[Id. at 4]. The Plaintiff seeks nominal and punitive damages; injunctive relief, i.e., "to get this security alert off me in order so I can get certain jobs or enroll in programs that'll help rehabilitated me and which'll bring about my early release;"[4] and a jury trial. [Id. at 6].

---

[3] Mitchell had already been dismissed as a defendant for lack of timely service.

[4] The Plaintiff seeks relief that is not cognizable in this § 1983 action. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that

2

On June 25, 2024, the Court noted that the Complaint appears to be time-barred on its face and entered an Order granting the Plaintiff 30 days within which to file a memorandum demonstrating why the Complaint was timely filed. [Doc. 6]. The Plaintiff was cautioned that, "[i]f he fails to timely comply, this action will likely be dismissed with prejudice as time-barred without further notice." [Id. at 3]. The Plaintiff argues that this action is timely because "the officials at Alexander [CI]" have subjected him to "continuous violations regarding [his] mail and [his] property…" by "losing, destroying, and misplacing [his] property for well over 2 years now." [Doc. 7 at 3; Doc. 7-1 at 1].

II.     STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to

---

imprisonment, his sole federal remedy is a writ of habeas corpus"); In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) (habeas petitions of prisoners who are "in custody pursuant to the judgment of a State court" should be treated as § 2254 petitions, even if they challenge the execution of a state sentence); 28 U.S.C. § 2254.

3

ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). Section 1983 claims arising in North Carolina are limited by the three-year period for personal injury actions. See N.C.G.S. § 1-52; Nat'l Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 n. 2 (4th Cir. 1991) (the analogous state statute of limitations most appropriate for § 1983 actions is the limitations period for personal injury actions). "[W]hen a federal statutes is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well because '[i]n virtually all statutes of limitations the chronical length of the limitation period is interrelated with provisions regarding tolling….'" Heimeshoff v. Hartford Life & Acc. Ins. Co., 571 U.S. 99, 116 (2013) (quoting Hardin v. Straub, 490 U.S. 536, 539 (1989)) (distinguishing actions in which there is no need to borrow a state's statute of limitations or tolling rules); see Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (state rules on tolling apply when a state statute of limitations is borrowed in a federal question case); Leardini v. Charlotte-Mecklenburg Bd. of Ed., No. 3:09-cv-264-GCM, 2011 WL 1234732, at *2 (W.D.N.C. March 29, 2011) ("The Supreme Court has been clear that both the state's statute of limitations and the state's 'provisions regarding tolling, revival and equations of application' should be applied to § 1983 actions.").

The limitations period for a Section 1983 claim begins to run when the plaintiff has "a complete and present cause of action" – in other words, when he could have "file[d] suit and

obtain[ed] relief." Wallace, 549 U.S. at 388 (quoting Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)); see also CTS Corp. v. Waldburger, 573 U.S. 1, 8 (2014) ("North Carolina … has a statute of limitations that allows a person three years to bring suit for personal injury or property damage, beginning on the date that damage 'becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs.'") (quoting N.C. Gen. Stat. § 1-52(16)).

Further, equitable tolling is "reserved for 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result.'" Battle v. Ledford, 912 F.3d 708, 718 (4th Cir. 2019) (quoting Raplee v. United States, 842 F.3d 328, 333 (4th Cir. 2016); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Generally, a litigant seeking equitable tolling bears the burden of establishing: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Holland v. Florida, 560 U.S. 631, 653 (2010).

Although a court generally cannot raise the statute of limitations sua sponte because a statute of limitations argument is an affirmative defense, Fed. R. Civ. P. 8, an exception to the general rule exists within the context of § 1915 review when the face of the complaint plainly reveals the existence of such defense. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953–54 (4th Cir. 1995). Here, the Court will address the statute of limitations because it is clear on the face of the Complaint that the 2015 and 2016 incidents it addresses occurred more than three years before this action was filed on May 7, 2024.

First, the Plaintiff appears to argue that he timely filed under the continuing wrong doctrine because the Alexander CI officials' alleged violation of his mail and property rights. In

North Carolina, the "continued wrong doctrine" extends the limitations period until "the violative act ceases." Williams v. Blue Cross Blue Shield of N.C., 357 N.C. 170, 581 S.E.2d 415, 423 (2003). "In other words, 'the applicable limitations period starts anew in the event that an allegedly unlawful act is repeated.'" Epcon Homestead, LLC v. Town of Chapel Hill, 62 F.4th 882, 889 (4th Cir. 2023) (quoting Quality Built Homes, Inc. v. Town of Carthage, 371 N.C. 60, 813 S.E.2d 218, 226 (2018)). "For the continuing wrong doctrine to apply, the plaintiff must show a continuing violation by the defendant that is occasioned by continual unlawful acts, not by continual ill effects from an original violation." Marzec v. Nye, 203 N.C. App. 88, 94, 690 S.E.2d 537, 542 (2010) (quoting Williams, 357 N.C. at 179, 581 S.E.2d at 423; cleaned up).

The continuing wrong doctrine does not apply here because the Alexander CI officials' alleged withholding of Plaintiff's mail and personal property are "separate claims" from the Lanesboro CI disciplinary due process and equal protection claims that the Plaintiff seeks to assert in this § 1983 action. Morgan v. Spivey, No. 5:16-cv-365, 2017 WL 4399539, at *13 (E.D.N.C. Sept. 28, 2017); see, e.g., Faulkenbury v. Teachers' and State Employees' Retirement Sys. of N.C., 345 N.C. 683, 429, 483 S.E.2d 422 (1997) (applying continuing violation doctrine to toll statue to limitations on breach of contract claim where the court found the contract repeatedly breached); Robert K. Ward Living Tr. ex rel. Schulz v. Peck, 229 N.C. App. 550, 554, 748 S.E.2d 606 (2013) (not applying continuing violation doctrine to toll breach of fiduciary duty and constructive fraud claims where defendant "no longer had legal authority to act under the trust and could not engage in a continuing course of wrongful conduct as trustee, although he could engage in wrongful conduct of a different sort"). To the extent that the Plaintiff asserts that he is still experiencing consequences from the December 31 incident and the resulting disciplinary conviction, such are merely continual ill effects from the original violation, rather

6

than continuing unlawful acts. See, e.g., Perry v. Pamlico Cnty., 88 F.Supp.3d 518 (E.D.N.C. 2015) (the county's continued custody over a mother's children was a continued effect from the original removal, and not a separate deprivation that would begin the limitations period anew). Accordingly, the Plaintiff's reliance on the continuing wrong doctrine is rejected.

Next, the Plaintiff contends that he was unable to file his lawsuit sooner because prison officials "continuously [took] his law books and legal materials" and blocked him from accessing the courts for "well over 2 years" while he was incarcerated at the Alexander CI and prevented him from filing this action despite his exercise of due diligence. [Doc. 7 at 5-6]. The record reflects that the incidents the Plaintiff addresses in this § 1983 action occurred between December 2015 and May 2016 at Lanesboro CI. He filed his first § 1983 action in this Court on January 17, 2019, Case No. 3:19-cv-39, by which time more than two years and seven months of the three-year statute of limitations had expired. After the -39 case was involuntarily dismissed on July 10, 2020, the Plaintiff waited nearly three years and ten months more before filing the instant action on May 7, 2024. Even if 2 ½ years is tolled due to Alexander CI officials' allegedly wrongful conduct, the instant action was still filed more than 11 months late.

To the extent that the Plaintiff contends that the limitations period should be tolled while he exhausted his administrative remedies, this is also unavailing. Federal equitable tolling principles apply to account for time that prisoners spend exhausting their administrative remedies under the Prison Litigation Reform Act ("PLRA"). See Fauconier v. Clarke, 966 F.3d 265, 275 (4th Cir. 2020); Battle, 912 F.3d at 718-20. The Plaintiff vaguely contends that he sent "more than 15 letters and requests" about the "false charge," to which he received no response. [Doc. 7-2 at 1]. However, he does not provide the Court with information regarding the approximate

7

Case 3:24-cv-00473-GCM     Document 8     Filed 10/07/24     Page 7 of 11

dates of his exhaustion efforts or the length time during which those efforts were pending.[5] Several grievances attached to the Memorandum that the Plaintiff allegedly filed in 2021, 2022, and 2023 do not provide any tolling for exhaustion because they address mail and property deprivations that occurred at Alexander CI, and not the 2015 and 2016 disciplinary incidents that he raises in this lawsuit. [See Doc. 7-2 at 68 (describing his grievances); id. at 69-75, 107-10 (grievances); id. at 111-12 (letter)].

For all the foregoing reasons, the Plaintiff has failed to demonstrate that the Complaint was timely filed. Accordingly, this action will be dismissed with prejudice as time-barred.

Even if the Complaint were not time-barred, it would fail initial review. First, the Plaintiff claims that he was falsely charged with a disciplinary infraction that resulted in a disciplinary conviction. This claim appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme

---

[5] The Plaintiff has provided three letters dated January 2016, however, these letters provide no tolling because the statute of limitations did not begin running until May 2016. [Doc. 7-2 at 2-7].

Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Here, if the Plaintiff were to prevail on his claim that the disciplinary charge was "false," that would necessarily imply the invalidity of the disciplinary conviction. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings); Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022) (prisoner could not bring § 1983 due process claim that prison officials fabricated evidence so that plaintiff would be wrongfully convicted of prison disciplinary infractions, causing him to lose good-time credits, because the disciplinary conviction had not been invalidated). The Plaintiff, however, has not alleged that the disciplinary conviction has been reversed or otherwise invalidated. Therefore, Plaintiff's claims about the false disciplinary charge appears to be barred by Heck.

The Plaintiff also appears to claim that he was denied due process in the disciplinary proceeding. Prison disciplinary proceedings are not part of a criminal prosecution, and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). Where a prison disciplinary hearing may result in loss of good time credits or solitary confinement, however, an inmate is entitled to certain due process protections. These include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel in a prison disciplinary proceeding. See

9

Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). If the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based on "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Here, the Plaintiff makes the vague and conclusory assertions that "[t]he procedures [that he] was subjected to were not fair and impartial in the entire process." [Doc. 1 at 4]. The Plaintiff makes no allegations as to what process he was denied or how the procedures were unfair. As such, the Plaintiff's allegations are insufficient to present a plausible due process claim.

Finally, the Plaintiff appears to assert an equal protection claim. To state an equal protection claim, a plaintiff must allege that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). Here, the Plaintiff contends that he was "similarly situated as other prisoners for the same infraction," yet he was charged with a more serious infraction and was given a harsher punishment. [Doc. 1 at 3]. The Plaintiff fails to make any specific, non-conclusory factual allegations to establish an improper discriminatory motive against any Defendant and, therefore, he has failed to state a plausible equal protection claim.

Accordingly, even if this action were not time-barred the Complaint would be dismissed on initial review as frivolous and for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons stated herein, this action is dismissed with prejudice as time-barred and this case will be closed.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915A and 1915(e).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED**.

Signed: October 7, 2024

Graham C. Mullen
United States District Judge